# IN THE COURT OF APPEALS OF IOWA

No. 18-0413
Filed December 19, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TIFFANY KAY MILBRATH,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

Tiffany Milbrath appeals her conviction and sentence for possession of a controlled substance. **AFFIRMED.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Tiffany Kay Milbrath agreed to plead guilty to two counts of possession of a controlled substance, third offense—one for methamphetamine and one for marijuana. *See* Iowa Code § 124.401(5) (2017). Under the plea agreement as the prosecutor articulated it at the plea proceeding,[1] the State would recommend two indeterminate five-year prison terms and a fine of $750 on each count, and Milbrath would be free to "apply for drug court" following her guilty plea. If the drug court accepted her, the State would "agree, at time of sentencing, to recommend that the five-year prison term for both Counts 1 and 2 be suspended[,] that she be placed on probation for a period of five years and, as a condition, that she complete the drug court program." If the drug court did not accept Milbrath, the prosecutor stated, "[W]e will make our first recommendation of an indeterminate term not to exceed five years concurrent."

The drug court did not accept Milbrath. The district court sentenced her to prison terms not exceeding five years, to be served concurrently.

On appeal, Milbrath contends her attorney was ineffective in "fail[ing] to determine the reason for [her] rejection by [the] drug court." In her view, "Although acceptance by Drug Court was absolutely essential to obtaining the State's recommendation for probation, the record clearly shows that Trial Counsel failed to conduct a reasonable investigation to determine precisely why [she] was rejected." We conclude the record is inadequate to address the issue. *See State*

---

[1] The original plea offer (made by another prosecutor who had since left the office) was the offer discussed at the plea proceeding and accepted by Milbrath, although defense counsel alluded to a second plea offer made at a pretrial conference.

*v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We affirm Milbrath's judgment and sentence and preserve the ineffective-assistance claim for postconviction relief "so an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *State v. Harrison*, 914 N.W.2d 178, 208 (Iowa 2018) (citation omitted).

**AFFIRMED.**

McDonald, J., concurs; Vogel, P.J., dissents in part.

**VOGEL, Presiding Judge** (concurring in part, dissenting in part).

While I concur in affirming the conviction, I respectfully dissent with respect to preserving Milbrath's claim of ineffective assistance of counsel. I do so because trial counsel had no duty to inquire as to why Milbrath was not accepted into the drug court program. During the plea proceedings, the prosecutor made the following statement:

> For each count the State is going to recommend an indeterminate term not to exceed five years in prison, five—as far as the fine is concerned, is that she is asking that the fine of 750 be imposed on each count. In the alternative, if—because the way the system works is they plead guilty, then they have the ability, as a defendant, to apply for drug court. And we're not preventing them from doing that; but if drug court, then, accepts her as a candidate, then we will agree, at time of sentencing, to recommend that the five-year prison term for both Counts 1 and 2 be suspended[,] that she be placed on probation for a period of five years and, as a condition, that she complete the drug court program.
>
> So if that is—if the—for some reason drug court does not accept her, then we will make our first recommendation of an indeterminate term not to exceed five years concurrent.
>
> Again, if they do accept her, we'll recommend that they run— suspended but yet still concurrent.

Trial counsel and defendant agreed to this recitation. The agreement did not include, "be accepted into drug court, *or be informed as to why you were not accepted*," which then would have put a duty on trial counsel to make sure such reasoning was provided prior to sentencing. Because there was no such duty, there can be no breach. I would therefore deny the ineffective-assistance claim and not preserve the issue for possible postconviction relief.